**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**HANNA LEVY (as executor of the deceased Moses Amram),**

                Plaintiff,                      **MEMORANDUM & ORDER**

        -against-                                    08-CV-4795 (ALC)

**MARRIOTT INTERNATIONAL, INC., and COURTYARD MANAGEMENT CORP.,**

                Defendants.
----------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE.**

    **I.**       **Background**

Hanna Levy, on behalf of the estate of the decedent Moses Amram ("Plaintiff"), brings this action against Defendants Marriott International, Inc. and Courtyard Management Corporation ("Marriott"). Decedent Amram, domiciled in New York, stayed at the Marriott hotel in Massachusetts when he allegedly suffered burns on his right foot because the water temperature of the shower was too hot. Marriott is domiciled in Maryland. Presently before the Court is Defendants' request that the Court apply Massachusetts substantive law on the issue of comparative negligence. Plaintiff argues that the Court should use New York law because under New York's comparative negligence statute, C.P.L.R. § 1411, a plaintiff's contributory negligence does not bar recovery. Rather, "the amount of damages otherwise recoverable [is] diminished in the proportion which the culpable conduct attributable to the claimant ... bears to the culpable conduct which caused the damages." C.P.L.R. § 1411. In contrast, Massachusetts' comparative negligence statute, Mass. Gen. Laws ch. 231 § 85, bars recovery "if the [amount of contributory] negligence [is] greater than the total amount of negligence attributable to the

1

person or persons against whom recovery is sought." *See also U.S. v. Theriaque*, 674 F.Supp. 395, 400 (D. Mass. 1987) (under Massachusetts law, if a plaintiff's contributory negligence is greater than fifty-percent, plaintiff's recovery is barred). Both parties agree that the Court should not use Maryland law. For the reasons set forth below, Defendants' motion is granted.

**II.      Discussion**

A federal court sitting in diversity must determine whether there is an actual conflict among the potential applicable laws. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). If there is a conflict, the court must apply the choice-of-law rules of the state in which it sits. *Id*. (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941)). For tort cases, New York courts apply an "interest analysis," which focuses on applying the law of the state with the greatest interest in the litigation. *See Schultz v. Boy Scouts of Amer., Inc.*, 65 N.Y.2d 189, 197, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985). Specifically, "[t]wo separate inquiries are ... required to determine the greater interest: (1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss." *Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519, 521, 620 N.Y.S.2d 310, 311, 644 N.E.2d 1001, 1002 (1994) (citing *Schultz*, 65 N.Y.2d at 197). Under this formula, the significant contacts are the parties' domiciles and the locus of the tort. *See Krock v. Lipsay*, 97 F.3d 640, 646 (2d Cir. 1996). If the parties are domiciled in different states, the place of the tort is almost determinative in cases involving conduct-regulating laws. *Id*. (citing *Padula*, 620 N.Y.S.2d at 311, 644 N.E.2d at 1002; *Schultz*, 491 N.Y.S.2d at 95-96, 480 N.E.2d at 684-85). Cases concerning loss allocation will depend heavily on the domiciles of the parties. *Id*. (citing *Schultz*, 491 N.Y.S.2d at 96, 480 N.E.2d at 685).

Comparative negligence is a loss allocation law. *See Wong v. Marriott Hotel Services, Inc.*, No. 05-CV-04524, 2009 WL 5538644, at *2 (E.D.N.Y. Dec. 18, 2009); *O'Brien v. Marriott Int'l, Inc.*, No. 04-CV-3369, 2006 WL 1806567, at *2 (E.D.N.Y. Jun. 29, 2006) (collecting cases). Cases involving loss allocation conflict of laws are guided by the framework set forth in *Neumeier v. Kuehner*, 31 N.Y.2d 121, 128, 335 N.Y.S.2d 64, 286 N.E.2d 454 (N.Y. 1972). In *Neumeier*, the court held that if the parties are domiciliaries of the same state, the court should apply the law of that state. *Id*. If the parties are domiciliaries of different states, but the tort occurred in the domicile of one of the parties, the court should use the law of that state where the tort occurred. *Id*. In matters involving parties domiciled in different states and the tort occurring in a third state, the law of the state where the tort occurred typically applies, unless another jurisdiction's law "will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Id*. Here, both parties agree that the third prong in *Neumeier* is applicable.

Plaintiff admits that both Massachusetts and New York have an interest in reducing a plaintiff's compensation where a plaintiff is negligent in part. He argues that New York has an interest in compensating their domiciliaries for injuries sustained whereas Massachusetts has no interest in compensating an out-of-state domiciliary. Plaintiff states that though he received medical treatment in Massachusetts, New York also provided medical care. Plaintiff urges the Court to consider that because Plaintiff owes money to medical providers, New York's greater percentage recovery will help ensure that the creditors will receive payment and help prevent a debtor from becoming a public charge. He further maintains that Plaintiff's granddaughter made the reservation in New York on Marriott's website, that Defendants have hotels in nearly all fifty states, and the injury could have occurred anywhere, thus making the injury "fortuitous."

3

Plaintiff maintains that there will always be uncertainty in choice of law involving a corporation that is subject to jurisdiction in nearly all fifty states.

An exception to the *Neumeier* rule is when the tort occurs where a plaintiff is in transit through a state whose connection to the event is purely fortuitous. *See Hamilton v. Accu-tek*, 47 F. Supp. 2d 330, 341 (E.D.N.Y. 1999); *Tkaczevski v. Ryder Truck Rental, Inc.*, 22 F. Supp. 2d 169, 173 (S.D.N.Y. 1998) (car accident); *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 13 (2d Cir. 1996) (airplane crash). This case does not involve a fortuitous act because both parties chose to associate themselves with the state of Massachusetts. *See Wong*, 2009 WL 5538644, at *5. Many of the factors Plaintiff relies on apply equally to supporting Massachusetts choice of law. Plaintiff argues that he was domiciled in New York, Marriott does business in New York, the reservation was made in New York, and Marriott should have reasonably foreseen that New York law would apply. Again, Plaintiff chose to stay in a hotel in Massachusetts, he too could foresee the possibility of being subject to Massachusetts law. Massachusetts has an interest in protecting its corporations as New York has an interest in compensating its residents. A national hotel that relies greatly on its reputation to attract business has an obvious interest in preventing future accidents. Plaintiff has not shown that a hotel subject to New York law would take greater precautions than a hotel in Massachusetts because of the contributory negligence statute. In addition, there no longer is a fear of the decedent becoming a public discharge. Accordingly, Plaintiff has failed to meet his burden to justify an exception to the *Neumeier* rule.

### III.  Conclusion

In sum, Plaintiff has not adequately shown that displacing Massachusetts law would advance the relevant substantive law purposes of the New York law or that applying the comparative

negligence law of Massachusetts would create uncertainty. For the foregoing reasons, Defendants' motion to apply Massachusetts law to the issue of comparative negligence is granted.

**SO ORDERED**

**Dated: April 21, 2011
         Brooklyn, New York**

                                        **/s/ ALC**
                                    _____
                                    **ANDREW L. CARTER, JR.
UNITED STATES MAGISTRATE JUDGE**